UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| GENE CHOICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> INVITROGEN CORPORATION, <br><br> Defendant. | Civil Action No. CCB 02CV3670 |
| INVITROGEN CORPORATION, a Delaware corporation, <br><br> Counterclaimant and Third-Party Plaintiff, <br><br> v. <br><br> GENE CHOICE, INC., a Maryland corporation, MICHAEL SMITH, an individual, and BRIAN SCHMIDT, an individual, <br><br> Counterclaim Defendant and Third-Party Defendants. | |

## INVITROGEN CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO JOIN PARTIES

Invitrogen Corporation ("Invitrogen") submits the following Memorandum in Support of its Motion to Join Parties.

### INTRODUCTION

On November 13, 2002, plaintiff Gene Choice, Inc. ("Gene Choice") filed a Complaint against Invitrogen requesting a declaratory judgment of noninfringement on six different United States patents (all owned or licensed by Invitrogen), as well as a declaratory judgment that Gene

Choice had not misappropriated certain trade secrets of Invitrogen.[1] Invitrogen has filed a counterclaim against Gene Choice based upon certain of those patents, alleging, among others, claims of patent infringement by Gene Choice, as well as misappropriation of trade secrets. By this motion, Invitrogen seeks leave to join two individuals, Michael Smith ("Smith") and Brian Schmidt ("Schmidt"), both of whom are former Invitrogen employees currently employed by Gene Choice, as counterclaim defendants to Invitrogen's claim of misappropriation, as well as a breach of contract claim.

Smith and Schmidt should be joined pursuant to Rules 13(h) and 20(a) of the Federal Rules of Civil Procedure because the underlying factual nexus of Invitrogen's claims against Smith and Schmidt is the same as that of the claims already at issue. Specifically, the claims against Smith and Schmidt are reasonably related to those at issue in certain of Gene Choice's claims against Invitrogen, and Invitrogen's counterclaims against Gene Choice. The misappropriation counterclaim against Smith and Schmidt is the same as the misappropriation counterclaim against Gene Choice. Moreover, the breach of contract counterclaim relates to the same underlying conduct and the same technology. Moreover, those claims relate to the same Gene Choice products that form the basis of one of the claims and counterclaims for patent infringement. Thus, the claims against Smith and Schmidt are based upon the same "transaction or occurrence," as well as similar issues of law and fact, and all of the requirements for joinder are met.

## ARGUMENT

### SMITH AND SCHMIDT SHOULD BE JOINED AS COUNTERCLAIM DEFENDANTS.

Joinder of both Smith and Schmidt satisfies the standards of Rules 13(h) and 20(a). Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made

---

[1] Invitrogen was served on March 10, 2003.

2

parties to a counterclaim . . . in accordance with the provision of Rules 19 and 20." Rule 20(a) provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

To determine whether a counterclaim arises out of the "same transaction, occurrence, or series of transactions or occurrences," the Fourth Circuit Court of Appeals has applied a flexible, fact-dependent test.

> Application of [the transaction or occurrence] test has generally proceeded on a case by case basis. . . .[citation omitted] [t]he "transaction or occurrence test" of the rule "would permit **all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary**." Further, the rule should be construed in light of its purpose, which "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."

Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)). See Rumbaugh v. Winifrede Railroad Company, 331 F.2d 530, 537 (4th Cir. 1964) (pursuant to Fed.R.Civ.P. 20(a), "joinder of parties-defendant is governed by the concepts of "same transaction" and "common" question of law or fact"); Lanier Business Products v. Graymar Company, et. al., 342 F.Supp. 1200, 1202 (D. Md. 1972) (identifying two requirements for joinder under Fed.R.Civ.P. 20(a): "(1) the rights asserted . . . must arise out of the same transactions or occurrences; and (2) there must be a common question of law or fact relating to all parties that will arise in the action.").

Here, analysis of Invitrogen's counterclaims against Smith and Schmidt for misappropriation of trade secrets and breach of contract demonstrates that the requirements of Rule 20(a), as applied by the Fourth Circuit, are met. Invitrogen's counterclaims against Smith and Schmidt are "reasonably related" – indeed, inextricably linked – to those at issue in certain

3

of Gene Choice's claims against Invitrogen, as well as Invitrogen's counterclaims against Gene Choice. The misappropriation counterclaim against Gene Choice is a mirror-image counterclaim to Gene Choice's claim for declaratory judgment that no misappropriation occurred. The misappropriation counterclaim against Smith and Schmidt is the same as the misappropriation counterclaim against Gene Choice. Moreover, both the misappropriation and breach of contract counterclaims relate to the same Gene Choice products that form the basis of one of Gene Choice's claims for a declaratory judgment of noninfringement, and Invitrogen's corresponding counterclaim for patent infringement. Furthermore, the evidence that Invitrogen expects to obtain through discovery (and ultimately to present at trial) pertaining to its claims against Smith and Schmidt will be substantially similar to the evidence that Invitrogen expects to present against Gene Choice. Thus, not only are the claims and counterclaims "reasonably related;" lack of joinder would require the same evidence to be presented in a different proceeding.

Invitrogen's claims against Smith and Schmidt also involve common questions of law and fact. Indeed, regarding the misappropriation of trade secrets claim, Gene Choice has requested a declaratory judgment of no misappropriation. Based upon the same set of facts, Invitrogen has filed a claim against Gene Choice, Smith and Schmidt for misappropriation. Obviously, the issues of fact and law cannot be separated for purposes of this claim.

Invitrogen's breach of contract claim against Smith and Schmidt is based upon essentially the same facts as its misappropriation claim. Invitrogen alleges that Smith and Schmidt gained information while in Invitrogen's employ that they then used to Invitrogen's detriment, while working for Gene Choice. Thus, the issues of fact and law are the same for that counterclaim. Although the breach of contract claim may require the inclusion of some additional facts pertaining to Smith and Schmidt's confidentiality agreement requiring them to maintain the secrecy of all confidential information learned in Invitrogen's employ, those additional facts do

4

not defeat the propriety of joining Smith and Schmidt as parties. See Saval, 710 F.2d at 1031 (holding that "[a]bsolute identity of all events is unnecessary"); see, e.g., Sue & Sam Manufacturing Company v. BLS Construction Company, 538 F.2d 1048, 1051 (4th Cir. 1976) (joinder not defeated pursuant to Fed.R.Civ.P. 13(a), although facts alleged in counterclaim were not "precisely identical" and "the counterclaim embraced additional allegations").

Other courts have not hesitated to order joinder in analogous circumstances. See, e.g., Beech Aircraft Corporation v. Edo Corp., 990 F.2d 1237, 1246-48 (Fed. Cir. 1993) (patent assignment claim that arose out of same operative set of facts as misappropriation claim, among others, should have been brought in same litigation); Brown v. Kelly, 823 F.2d 546, 1987 WL 36140 at *2 (4th Cir. 1987) (claims which involved "the same basic transaction" – the investigation and prosecution of unfair trade practices – should have been brought together).

Finally, the interests of judicial economy undoubtedly would be served by joinder. Indeed, the very purpose of the rule authorizing joinder is intended to avoid situations in which claims that can and should be resolved in the same trial are segregated into two or more separate trials. Saval, 710 F.2d at 1031 ("the rule should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits'") (citation omitted); Lanier Business Products, 342 F.Supp. at 1202 ("[s]tated in general terms, the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties.") (citations omitted). Permitting all of Invitrogen's claims based upon the subject patents, and related products and conduct, to proceed in the same action will obviate the need for additional proceedings (which would involve presentation of the same evidence at issue in this case) and promote the interests of judicial efficiency.

**<u>CONCLUSION</u>**

Because Invitrogen's counterclaims against Smith and Schmidt arose out of the same "transaction or occurrence" underlying the existing action, and are based upon similar issues of fact and law, the requirements for joinder under Rules 13(h) and 20(a) are met, and Smith and Schmidt should be joined as counterclaim defendants.

DATED this **3/** day of March, 2003.

Respectfully submitted,

_____
Robert J. Koch
Christopher M. Gerlach (MD 26762)
MILBANK, TWEED, HADLEY &
MCCLOY LLP
International Square Building
11th Floor
1825 Eye Street, N.W.
Washington, D.C., 20006
Telephone: (202) 835-7520
Facsimile: (202) 835-7586


Francis M. Wikstrom
C. Kevin Speirs
David M. Bennion
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah  84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111


Attorneys for Invitrogen Corporation