UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| GENE CHOICE, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Civil Action CCB 02 CV 3670 |
| | : | |
| INVITROGEN CORPORATION | : | |
| | : | |
| Defendant | : | |
| | : | |
| v. | : | |
| | : | |
| GENE CHOICE, INC. | : | |
| MICHAEL SMITH and | | |
| BRIAN SCHMIDT | : | |

**GENE CHOICE, INC.'S REPLY TO COUNTERCLAIM and
ANSWER TO THIRD PARTY COMPLAINT ON BEHALF OF MICHAEL SMITH AND
BRIAN SCHMIDT**

Gene Choice, Inc., through counsel, answers and responds to the specific numbered paragraphs of the Counterclaim of Invitrogen Corporation, and Michael Smith and Brian Schmidt, through counsel, answers and responds to the Third Party Complaint as follows:

1. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest the allegations of paragraph 1 of the Counterclaims.

2. Denied. See paragraph 2 of the Complaint herein.

3. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest the allegations of paragraph 3 of the Counterclaims.

4. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation seeks to plead claims based on four theories or causes of action but deny any violation of any rights of Invitrogen Corporation.

5. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation seeks to base jurisdiction on 28 U.S.C. §§ 1338(a) and 1367(a) but deny any violation of any rights of Invitrogen Corporation.

6. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest that venue is proper in this Court.

7. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that a copy of U.S. Patent 4,891,797 was attached to the Counterclaim as Exhibit A and further indicate that no response is required to the remainder of paragraph 7 of the Counterclaim.

8. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation asserts certain rights but not having been provided with a copy of any documents relative to the acquisition referred to in paragraph 8 of the Counterclaim have insufficient knowledge to form a belief and therefore neither admit nor deny the remaining allegations of paragraph 8 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

9. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest the allegations of paragraph 9 of the Counterclaim.

10. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest that Michael Smith and Brian Schmidt signed confidentiality agreements which have been partially included in paragraph 10 of the Counterclaim.

11. Gene Choice, Inc., Michael Smith and Brian Schmidt, being without sufficient information to form a belief as to what Invitrogen Corporation is specifically claiming as its "trade secrets and other confidential information" and/or specifically claiming as its "information relating to customers and accounts" and/or specifically claiming as its "technical information relating to

aspects of Invitrogen's manufacturing and processing methods", neither admit nor deny the allegations of paragraph 11 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

12. Gene Choice, Inc., Michael Smith and Brian Schmidt being without insufficient knowledge to form a belief, neither admit nor deny the allegations of paragraph 12 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

13. Denied.

14. Denied.

15. Gene Choice, Inc., Michael Smith and Brian Schmidt indicate that no response is required to paragraph 15 of the Counterclaim.

16. Gene Choice, Inc., Michael Smith and Brian Schmidt being without insufficient knowledge to form a belief, neither admit nor deny the allegations of the first sentence of paragraph 16 of the Counterclaim, leaving Invitrogen Corporation to its proofs. Gene Choice, Inc., Michael Smith and Brian Schmidt deny the second and third sentences of paragraph 16 of the Counterclaim and state that it was Invitrogen Corporation who refused to supply requested information.

17. Gene Choice, Inc., Michael Smith and Brian Schmidt being without insufficient knowledge to form a belief, neither admit nor deny the allegations of paragraph 17 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

18. Admitted.

19. Admitted.

20. Gene Choice, Inc., Michael Smith and Brian Schmidt, being without insufficient knowledge to form a belief, neither admit nor deny the allegations of paragraph 20 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

21. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that a copy of U.S. Patent 5,244,797 was attached to the Counterclaim as Exhibit B and further indicate that no response is required to the remainder of paragraph 21 of the Counterclaim.

22. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation asserts certain rights, but not having been provided with a copy of any documents relative to the acquisition referred to in paragraph 22 of the Counterclaim have insufficient information to form a belief, and therefore neither admit nor deny the remaining allegations of paragraph 22 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

23. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that a copy of U.S. Patent 5,405,776 was attached to the Counterclaim as Exhibit C and further indicates that no response is required to the remainder of paragraph 23 of the Counterclaim.

24. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation asserts certain rights but not having been provided with a copy of any documents relative to the acquisition referred to in  paragraph 24 of the Counterclaim have insufficient information to form a belief, and therefore neither admit nor deny the remaining allegations of paragraph 24 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

25. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that a copy of U.S. Patent 5,668,005 was attached to the Counterclaim as Exhibit D and further indicates that no response is required to the remainder of paragraph 25 of the Counterclaim.

26. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation asserts certain rights but not having been provided with a copy of any documents relative to the acquisition referred to in  paragraph 26 of the Counterclaim have insufficient information to form a

belief, and therefore neither admit nor deny the remaining allegations of paragraph 26 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

27.     Gene Choice, Inc., Michael Smith and Brian Schmidt admit that a copy of U.S. Patent 6,063,608 was attached to the Counterclaim as Exhibit E and further indicate that no response is required to the remainder of paragraph 27 of the Counterclaim.

28.     Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Invitrogen Corporation asserts certain rights but not having been provided with a copy of any documents relative to the acquisition referred to in paragraph 28 of the Counterclaim, have insufficient information to form a belief, and therefore neither admit nor deny the remaining allegations of paragraph 28 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

29.     Denied, as each claim contains additional limitations beyond RNase H- reverse transcriptase *per se*.

30.     Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Gene Choice, Inc. had actual or constructive notice of the four patents mentioned in paragraph 30 of the Counterclaim since receipt of a letter from Invitrogen dated May 16, 2002.

31.     Admitted.

32.     Denied as stated. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that products advertised as RNase H- reverse transcriptase bearing the Gene Choice name have previously been sold, but deny any current or ongoing sales.

33.     Gene Choice, Inc., Michael Smith and Brian Schmidt, admit that the "Thermo-RT" product is advertised as RNase H- reverse transcriptase but have insufficient information to form a belief as to whether or not there is any RNase H activity in the product as previously sold, or if any,

then how much RNase H activity in the product as previously sold, and therefore neither admit nor deny the allegations of paragraph 33 of the Counterclaim, leaving Invitrogen Corporation to its proofs.

34. Denied.

35. Denied as stated. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that kits containing, as a component, a product advertised as RNase H- reverse transcriptase bearing the Gene Choice name have previously been sold, but deny any current or ongoing sales.

36. Denied as stated. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that kits containing, as a component, a product advertised as "Thermo-RT" bearing the Gene Choice name have previously been sold, but deny any current or ongoing sales.

37. Denied as stated. Gene Choice, Inc., Michael Smith and Brian Schmidt admit that Gene Choice, Inc., previously advertised a Thermo-RT product bearing the Gene Choice name in catalogues and on the Gene Choice, Inc., website, but deny any such current advertising on the website and deny any current distribution of such catalogs by Gene Choice, Inc., Michael Smith and/or Brian Schmidt.

38. Gene Choice, Inc., Michael Smith and Brian Schmidt incorporate by reference their Reply to paragraphs 1-37 of the Counterclaim as fully and completely as if set forth verbatim herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Gene Choice, Inc., Michael Smith and Brian Schmidt incorporate by reference their Reply to paragraphs 1-43 of the Counterclaim as fully and completely as if set forth verbatim herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Gene Choice, Inc., Michael Smith and Brian Schmidt incorporate by reference their Reply to paragraphs 1-52 of the Counterclaim as fully and completely as if set forth verbatim herein.

54. Gene Choice, Inc., Michael Smith and Brian Schmidt have insufficient knowledge to form a belief, and therefore neither admit nor deny the allegations of paragraph 54 of the Counterclaim, leaving Invitrogen Corporation to its proofs, for at least the reasons set forth in Reply to paragraph 11 of the Counterclaim.

55. Gene Choice, Inc., Michael Smith and Brian Schmidt have insufficient knowledge to form a belief, and therefore neither admit nor deny the allegations of paragraph 55 of the Counterclaim, leaving Invitrogen Corporation to its proofs, for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

56. Gene Choice, Inc., Michael Smith and Brian Schmidt deny the allegations of paragraph 56 of the Counterclaim for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

57. Gene Choice, Inc., Michael Smith and Brian Schmidt deny the allegations of paragraph 57 of the Counterclaim for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

58. Gene Choice, Inc., Michael Smith and Brian Schmidt deny the allegations of paragraph 58 of the Counterclaim for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

59, Gene Choice, Inc., Michael Smith and Brian Schmidt deny the allegations of paragraph 59 of the Counterclaim for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

60. Gene Choice, Inc., Michael Smith and Brian Schmidt deny the allegations of paragraph 60 of the Counterclaim for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

61. Gene Choice, Inc., Michael Smith and Brian Schmidt deny the allegations of paragraph 61 of the Counterclaim for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

62. Gene Choice, Inc., Michael Smith and Brian Schmidt incorporate by reference their Reply to paragraphs 1-61 of the Counterclaim as fully and completely as if set forth verbatim herein.

63. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest paragraph 63 of the Counterclaim.

64. Gene Choice, Inc., Michael Smith and Brian Schmidt will not contest paragraph 64 of the Counterclaim.

65. Denied for at least the reasons set forth in the Reply to paragraph 11 of the Counterclaim.

66. Denied.

67. Gene Choice, Inc., Michael Smith and Brian Schmidt incorporate by reference their Reply to paragraphs 1-66 of the Counterclaim as fully and completely as if set forth verbatim herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Gene Choice, Inc., Michael Smith and Brian Schmidt incorporate by reference their Reply to paragraphs 1-71 of the Counterclaim as fully and completely as if set forth verbatim herein.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

WHEREFORE, Gene Choice, Inc., Michael Smith and Brian Schmidt pray for the following relief:

A. Dismissal of the Counterclaims and Third Party claims against them;

B. Grant of the relief sought in the Complaint;

C. Attorney fees and costs incurred in responding to the Counterclaim and Third Party Complaint, including but not limited to such fees as are awarded to a successful party under Md. Code Ann. Com. Law § 11-201 *et seq.* and

D. For such other and further relief as to the Court appears just and proper.

Respectfully submitted,

```
                          /s/
            _____
            Jerold I. Schneider, Bar No. 11620
            Piper Rudnick LLP
            1200 Nineteenth Street, N.W.
            Washington, D.C.  20036
            (202) 861-3900

            Attorneys for Plaintiff and Third Party Defendants
```

Dated and electronically filed:

<u>April 23, 2003</u>