# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CATHERINE C. BLAKE**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
(410) 962-3220
Fax (410) 962-6836

June 20, 2003

Jerold I. Schneider, Esquire
Piper Rudnick
1200 Nineteenth Street, N.W.
Washington, D.C.  20036-2412

Robert J. Koch, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
International Square Building
1825 Eye Street, N.W.
Washington, D.C.  20006-5417

C. Kevin Speirs, Esquire
Parsons, Behle & Latimer
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84185-0898

Re:     Gene Choice, Inc. v. Invitrogen Corporation, Civil No. CCB-02-3670

Dear Counsel:

This will briefly confirm the results of our telephone conference yesterday.

I have agreed with Gene Choice that Invitrogen should identify the trade secrets it accuses Gene Choice of misappropriating before Gene Choice is required to disclose its technology and customer information in response to Invitrogen's discovery requests.  I will not rule in advance, however, that Invitrogen would be precluded from a later good faith request to modify that identification.

Once the trade secrets have been identified, it is my understanding that Gene Choice will be prepared to let Invitrogen promptly inspect original documents responsive to the discovery requests on an outside counsel eyes-only basis, without waiving any objections it may have to production.  In general, both sides are prepared to conduct discovery on an outside counsel only basis until a complete

protective order can be agreed upon.

Gene Choice will serve its written response to Invitrogen's discovery requests on June 25, 2003.

Regarding the Hanahan '348 patent, Gene Choice intends to withdraw that aspect of its declaratory judgment request without prejudice, thus obviating the need for any discovery on that patent. The "RT" patents are the subject of ongoing settlement discussions which, if necessary, will be concluded before the Magistrate Judge assigned to this case.

Regarding the Jessee '797 patent, Gene Choice intends to file a motion for summary judgment on non-infringement shortly after a protective order is finalized. I am not at this point willing to defer all discovery other than that related to the anticipated summary judgment motion. Deferral of damages discovery, however, would be permitted.

I believe this resolves the issues in your letters of June 19, 2003. Thank you for your continuing cooperation in moving the case forward.

Sincerely yours,

/s/

Catherine C. Blake
United States District Judge

cc:    Court File