**UNITED STATES DISTRICT COURT**
**District of Maryland**

**William Connelly**                                              **6500 Cherrywood Lane**
**United States Magistrate Judge**                    **Greenbelt, Maryland  20770**
                                                                              **Office: (301) 344-0627**
                                                                              **Fax: (301) 344-8434**

July 11, 2003

Jerold I. Schneider, Esq.
Piper Rudnick LLP
1200 19th Street, NW
Washington, D.C.  20036

Robert J. Koch, Esq.
Milbank Tweed Hadley & McCloy LLP
1825 I Street, NW, Suite 1100
Washington, D.C.  20006

       Re:    *Gene Choice, Inc. v. Invitrogen Corporation*
                  Civil No. CCB-02-3670

Dear Counsel:

      Please be advised that a settlement conference in the above-captioned case has been scheduled for **July 30, 2003, at 10:00 a.m.** to be held in my chambers (Room 355A).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is not sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

      No later than **noon, July 28, 2003**, I would like to receive from each party a short letter candidly setting forth the following:

    1. Facts you believe you can prove at trial;

    2. The major weaknesses in each side's case, both factual and legal;

    3. An evaluation of the maximum and minimum damage awards you believe likely;

    4. The history of any settlement negotiations to date; and

*Page Two*
*Gene Choice v. Invitrogen Corp.*
*Civil No. CCB-02-3670*

      5.  Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4. Also, for confidentiality purposes, **please do not** e-file your responses using our new CM/ECF system.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                            Very truly yours,

                                            /s/

                                            William Connelly
                                            United States Magistrate Judge

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.